UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RIMAC INTERNACIONAL CIA. DE SEGUROS Y
REASEGUROS, S.A.,                                              Docket No.: 08 CV 3915 (RWS)
a/s/o Telefonica Moviles S.A.,

                Plaintiff,

    -against-                                                    **DEFENDANT *GALAXY***
                                                    **AVIATION CARGO INC.'S**
EXEL GLOBAL LOGISTICS, INC., CIELOS DEL              **ANSWER AND**
PERU S.A., GALAXY AVIATION CARGO INC.,              **AFFIRMATIVE DEFENSES,**
CHECKMATE PRIORITY EXPRESS, INC., and              <u>**WITH CROSS-CLAIMS**</u>
CONTINENTAL FREIGHTWAYS, INC. d/b/a
Fineline Trucking,

                Defendants.
-------------------------------------------------------------------X

       Defendant **GALAXY AVIATION CARGO INC.** (hereinafter, "Galaxy"), by and

through its undersigned attorneys, as and for its Answer and Affirmative Defenses to Plaintiff's

Complaint herein, alleges the following upon information and belief:

       1.      Galaxy denies knowledge or information sufficient to form a belief as to the truth

of the allegations in the Paragraphs 1, 3, 4, 7, 8, 10 – 17, 21 – 28, and 32 – 34 of the Complaint.

       2.      With regard to the allegations in Paragraph 2 of the Complaint, Galaxy admits

that it is a corporation incorporated under the laws of one of the United States and that defendant

Cielos del Peru S.A. is a corporation authorized to do business in the United States.  Galaxy

denies knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in the Paragraph 2 of the Complaint.

       3.      With regard to the allegations in Paragraph 5 of the Complaint, Galaxy admits

that, at all material times mentioned in the Complaint, defendant Cielos del Peru S.A.

(hereinafter, "Cielos") is and has been a corporation with an office at 1851 N.W. 68th Avenue,

Building 706, Suite 225, Miami, Florida 33122.  Galaxy denies the remaining allegations in Paragraph 5 of the Complaint.

4.       With regard to the allegations in Paragraph 6 of the Complaint, Galaxy admits that, at all material times mentioned in the Complaint, Galaxy is and has been a corporation organized under the laws of one of the states of the United States.  Galaxy further admits that, at the time the events underlying this action occurred, Galaxy had an office and place of business at 600 Bayview Avenue, Inwood, New York.   Galaxy denies the remaining allegations in Paragraph 6 of the Complaint.

5.       With regard to the allegations in Paragraph 9 of the Complaint, Galaxy admits that, at and during all times mentioned in the Complaint, Cielos was a common carrier of merchandise for hire and operated the aircraft that was to be used for the movement of the cargo which is the subject of this action.   Galaxy denies the allegations in Paragraph 9 of the Complaint to the extent they pertain to Galaxy.   Galaxy denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the Paragraph 9 of the Complaint.

6.       With regard to the allegations in Paragraph 18 of the Complaint, Galaxy admits that Master Air Waybill 529-1143-4975 (hereinafter, "the MAWB") was issued for the transport of certain cargo from Dallas, Texas to Miami, Florida and from Miami to Lima, Peru.  Galaxy further admits that the MAWB identifies the shipper as Exel Global Logistics, Inc. in Coppell, Texas, and the consignee as DHL Danzas Air&Ocean Peru S.A. in Lima.   Galaxy denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Complaint.

7.       With regard to the allegations in Paragraph 19 of the Complaint, Galaxy denies

that it is Cielos' subsidiary.  Galaxy denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the Paragraph 19 of the Complaint.

8.      With regard to the allegations in Paragraph 20 of the Complaint, Galaxy admits that it arranged for defendant Checkmate to transport the subject cargo by truck from Dallas to Miami.  Galaxy denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the Paragraph 20 of the Complaint.

9.      With regard to the allegations in Paragraph 29 of the Complaint, Galaxy admits that Cielos agreed to the transportation of the subject cargo in accordance with the terms and conditions stated in the MAWB including, but not limited to, the Conditions of Contract stated on the reverse side thereof.  Galaxy denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the Paragraph 29 of the Complaint.

10.      With regard to the allegations in Paragraph 30 of the Complaint, Galaxy admits that the subject cargo was not delivered to the consignee identified in the MAWB.  Galaxy denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the Paragraph 30 of the Complaint.

11.      With regard to the allegations in Paragraph 31 of the Complaint, Galaxy denies that it breached, failed or violated any duty or obligation (legal, contractual or otherwise) that it may have had.  Galaxy further denies that it engaged in any negligent or otherwise wrongful conduct.  Galaxy denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the Paragraph 31 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

12.      The transportation out of which the subject matter of this action arose was "international transportation" within the meaning of a treaty of the United States commonly

known as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on May 28, 1999 ("Montreal Convention") and the rights of the parties are subject to the provisions of said Montreal Convention.  Accordingly, the liability of defendant Galaxy, if any, is limited in accordance with the provisions of the Montreal Convention.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

13.     Galaxy's liability, if any, is limited in accordance with the Conditions of Contract on the reverse side of Master Air Waybill 529-1143-4975 (hereinafter, "the MAWB") issued by Cielos for the transport of the subject cargo from Dallas, Texas to Miami, Florida and from Miami to Lima, Peru, including, but not limited to, the provision therein that states that in carriage to which the Warsaw Convention does not apply carrier's liability shall not exceed USD 20.00 or the equivalent per kilogram of goods lost, damaged or delayed, unless a higher value is declared by the shipper and a supplementary charge paid.  There was no declared value by the shipper, and no supplementary charge paid.  Accordingly, Galaxy's liability is limited therein.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

14.     The plaintiff failed to take measures to mitigate its damages.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

15.     The alleged damages were caused and brought about by an intervening and superseding cause and were not caused by Galaxy or by a person for whom Galaxy is responsible.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

16.     Pursuant to the provisions of the Montreal Convention and/or the Conditions of Contract, Galaxy is not liable to plaintiff.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

4

17.    The alleged damages complained of were caused by the negligence and/or otherwise wrongful conduct of parties other than Galaxy and for whom Galaxy is not responsible and, therefore, Galaxy is not liable to Plaintiff.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

18.    The alleged damages complained of were caused by the direct and proximate negligence and/or otherwise wrongful conduct of other parties, their agents or employees or by others unknown at this time over whom Galaxy had no control at any time relevant hereto, and in the event Galaxy is found liable to Plaintiff, which liability is expressly denied, Galaxy will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

19.    Plaintiff lacks capacity and standing to sue Galaxy.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

20.    The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

21.    The Complaint is barred by the applicable statute of limitations or contractual limitations period.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

22.    Plaintiff failed to provide a notice of claim within the time or in the manner required by Article 31 of the Montreal Convention or the Conditions of Contract, and, therefore, Galaxy is not liable to plaintiff.

## CROSS-CLAIMS

23.    If there was any loss or damage to the shipment referred to in the Complaint, which is denied, and said loss or damage causes any liability by judgment or

5

otherwise to defendant Galaxy, then the said liability was brought about by defendants' EXEL GLOBAL LOGISTICS, INC., CHECKMATE PRIORITY EXPRESS, INC., and/or CONTINENTAL FREIGHTWAYS, INC. d/b/a Fineline Trucking's negligence and/or breach of contract, including any warranties, expressed or implied, and by reason thereof, defendant Galaxy is entitled to full indemnity or contribution from said co-defendants for its loss and damage, including attorneys' fees and expenses.

**WHEREFORE,** Defendant GALAXY AVIATION CARGO INC. demands judgment dismissing the Compliant in its entirety and granting its Cross-Claim, or, in the alternative, limiting its liability, if any, in accordance with the foregoing, together with the costs and disbursements of this action.

Dated: New York, New York
      June 30, 2008

                                        KAPLAN, von OHLEN & MASSAMILLO, LLC
                                        By:          /S/
                                                Nicholas E. Pantelopoulos (NP-4969)
                                                  Jennifer Huang (JH-4532)
                                                  555 Fifth Avenue, 15th Floor
                                                  New York, NY 10017
                                                  (212) 922-0450
                                                  Attorneys for Defendant
                                                  ***Galaxy Aviation Cargo Inc.***

TO:     John H. McConnell, Esq.
          Purrington & McConnell
          82 Wall Street
          New York, New York 10005
          Telephone: (212) 943-5757
          Facsimile: (212) 344-4425
          Attorneys for Plaintiff