**DUANE MORRIS** LLP
By:     James W. Carbin, Esq.
        Alissa M. Ryder, Esq.
744 Broad Street
Suite 1200
Newark, New Jersey
973.424.2000
Attorneys for Exel Global Logistics, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RIMAC INTERNACIONAL CIA. DE SEGUROS Y :
REASEGUROS, S.A.,                       :
a/s/o Telefonica Moviles, S.a.          :
                                        :
                Plaintiff,              :       CIVIL ACTION NO.
                                        :       08 CIV 3915 (RWS)
        vs.                             :
                                        :       **ANSWER, AFFIRMATIVE DEFENSES**
EXEL GLOBAL LOGISTICS, INC., CIELOS DEL :       **AND CROSS-CLAIMS OF EXEL**
PERU S.A., GALAXY AVIATION CARGO INC.,  :       **GLOBAL LOGISTICS, INC.**
CHECKMATE PRIORITY EXPRESS, INC., and   :
CONTINENTAL FREIGHTWAYS, INC., d/b/a/   :
Fineline Trucking                       :
                                        :
                Defendants.

---

        Defendant, EXEL GLOBAL LOGISTICS, INC. ("Exel"), by and through its attorneys,

Duane Morris LLP, responds to the Complaint of Rimac Internacional Cia De Seguros Y

Reaseguros, S.A. ("Plaintiff") on information and belief as follows:

        1.      The allegations set forth in the First paragraph of the Complaint are conclusions

of law to which no response is required.  To the extent a response is deemed required, Exel

denies knowledge or information sufficient to admit or deny the allegations set forth in the First

paragraph of the Complaint.

2.      The allegations set forth in the Second paragraph of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed required, Exel denies knowledge or information sufficient to admit or deny the allegations set forth in the Second paragraph of the Complaint.

3.      Exel denies knowledge or information sufficient to either admit or deny the allegations set forth in the Third paragraph of the Complaint.

4.       Exel admits that it is a corporation incorporated under the laws of one of the states of the United States, and that it does or formerly had an agency or office or place of business in New York.

5.      Exel denies knowledge or information sufficient to either admit or deny the allegations set forth in the Fifth paragraph of the Complaint.

6.      Exel denies knowledge or information sufficient to either admit or deny the allegations set forth in the Sixth paragraph of the Complaint.

7.      Exel denies knowledge or information sufficient to either admit or deny the allegations set forth in the Seventh paragraph of the Complaint.

8.      Exel denies knowledge or information sufficient to either admit or deny the allegations set forth in the Eighth paragraph of the Complaint.

9.      Exel denies the allegations set forth in the Ninth paragraph of the Complaint as they pertain to Exel.   As to the remaining allegations, Exel denies knowledge or information sufficient to either admit or deny the allegations set forth in the Ninth Paragraph of the Complaint.

10.     Exel denies knowledge or information sufficient to either admit or deny the allegations set forth in the Tenth paragraph of the Complaint.

2

11.    Exel denies knowledge or information sufficient to either admit or deny the allegations set forth in the Eleventh paragraph of the Complaint.

12.    Exel denies knowledge or information sufficient to either admit or deny the allegations set forth in the Twelfth paragraph of the Complaint.

13.    Exel admits that Exel Global Logistics Sucursal Del Peru S.A. entered into a contract with Telefonica Moviles S.A.C., which contract speaks for itself.  Exel denies information sufficient to either admit or deny the balance of the allegations set forth in the Thirteenth paragraph of the Complaint.

14.    Exel admits that defendant Cielos issued master airway bill number 529 1143 4975 for the transport of the cargo, which speaks for itself.  Exel denies knowledge or information sufficient to either admit or deny the balance of the allegations set forth in the Fourteenth paragraph of the Complaint.

15.    Exel admits that it issued HAWB DFW01 274776 and HAWB DFW01 274777, which bills of lading speak for themselves.  Except as so expressly admitted, Exel denies knowledge or information sufficient to either admit or deny the  allegations set forth in the Fifteenth paragraph of the Complaint.

16.    Exel denies knowledge or information sufficient to either admit or deny the balance of the allegations set forth in the Sixteenth paragraph of the Complaint.

17.    Exel denies knowledge or information sufficient to either admit or deny the balance of the allegations set forth in the Seventeenth paragraph of the Complaint.

18.    Exel admits that defendant Cielos issued master airway bill number 529 1143 4975 for the transport of the cargo, which speaks for itself.  Exel denies knowledge or

information sufficient to either admit or deny the balance of the allegations set forth in the Eighteenth paragraph of the Complaint.

19.     Exel admits that defendant Cielos issued master airway bill number 529 1143 4975 for the transport of the cargo, which speaks for itself.  Exel denies knowledge or information sufficient to either admit or deny the balance of the allegations set forth in the Nineteenth paragraph of the Complaint.

20.     Exel denies knowledge or information sufficient to either admit or deny the allegations set forth in the Twentieth paragraph of the Complaint.

21.     Exel admits that Checkmate issued bill of lading number 136971 for the transport of the cargo, which speaks of itself.  Exel denies knowledge or information sufficient to either admit or deny the balance of the allegations set forth in the Twenty-First paragraph of the Complaint.

22.     Exel denies knowledge or information sufficient to either admit or deny the allegations set forth in the Twenty-Second paragraph of the Complaint.

23.     Exel denies knowledge or information sufficient to either admit or deny the allegations set forth in the Twenty-Third paragraph of the Complaint.

24.     Exel denies knowledge or information sufficient to either admit or deny the allegations set forth in the Twenty-Fourth paragraph of the Complaint.

25.     Exel denies knowledge or information sufficient to either admit or deny the allegations set forth in the Twenty-Fifth paragraph of the Complaint.

26.     Exel denies knowledge or information sufficient to either admit or deny the allegations set forth in the Twenty-Sixth paragraph of the Complaint.

27.     Exel denies knowledge or information sufficient to either admit or deny the allegations set forth in the Twenty-Seventh paragraph of the Complaint.

28.     Exel denies knowledge or information sufficient to either admit or deny the allegations set forth in the Twenty-Eighth paragraph of the Complaint.

29.     Exel denies the allegations set forth in the Twenty-Ninth paragraph of the Complaint as they pertain to Exel.  As to the remaining allegations, Exel denies knowledge or information sufficient to either admit or deny the allegations set forth in the Twenty-Ninth Paragraph of the Complaint.

30.     Exel denies the allegations made in the Thirtieth Paragraph of the Complaint as they pertain to Exel.  As to the remaining allegations, Exel denies knowledge or information sufficient to either admit or deny the allegations set forth in the Thirtieth Paragraph of the Complaint.

31.     Exel denies the allegations set forth in the Thirty-First paragraph of the Complaint as they pertain to Exel.  As to the remaining allegations, Exel denies knowledge or information sufficient to either admit or deny the allegations set forth in the Thirty-First Paragraph of the Complaint.

32.     Exel denies knowledge or information sufficient to either admit or deny the allegations set forth in the Thirty-Second paragraph of the Complaint.

33.     Exel denies knowledge or information sufficient to either admit or deny the allegations set forth in the Thirty-Third paragraph of the Complaint.

34.     Exel denies that Plaintiff suffered damages.

35.     Exel denies Plaintiff's Prayer.

DM1\1336751.1

**WHEREFORE**, Exel demands judgment against Plaintiff dismissing the Complaint with prejudice and with and award of its costs and attorneys' fees and, for such other relief as the Court deems proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to arbitration.

### SECOND AFFIRMATIVE DEFENSE

Lis Pendens; Plaintiff's claim is the subject of prior litigation in Peru.

### THIRD AFFIRMATIVE DEFENSE

This action should be dismissed or transferred under the doctrine of forum non conveniens.

### FOURTH AFFIRMATIVE DEFENSE

Venue for this action is improper.

### FIFTH AFFIRMATIVE DEFENSE

Lack of personal jurisdiction.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable statute of limitations, laches or other applicable time limit.

### SEVENTH AFFIRMATIVE DEFENSE

Improper service of process.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of estoppel.

DM1\1336751.1

## NINTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief can be granted.

## ELEVENTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over this dispute.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join an indispensable party.

## THIRTEENTH AFFIRMATIVE DEFENSE

The alleged damages complained of were caused by the direct and proximate negligence of other parties, their agents or employees or by others unknown at this time over whom Exel had no control at any time relevant hereto, and in the event Exel is found liable, which liability is expressly denied, Exel will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Exel was not negligent and has taken all necessary measures to avoid any loss, damage or delay under the contract of carriage.

## FIFTEENTH AFFIRMATIVE DEFENSE

Pursuant to the provisions of Exel's contract of carriage, tariffs, the Warsaw Convention and/or other governing law, Exel has no liability to Plaintiff or to any other person under the contracts of carriage for any loss, damage or delay where such loss, damage or delay.

DM1\1336751.1

## SIXTEENTH AFFIRMATIVE DEFENSE

Exel performed each and every obligation and duty required of it under the contract of carriage and delivered the shipment to the proper party in the same order and condition as received.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The transportation the subject matter of this action arose was "international transportation" within the meaning of a treaty of the United States known as the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Warsaw, Poland, October 12, 1929 ("Warsaw Convention"), and the rights of the parties are governed exclusively by the provisions of the Warsaw Convention. 49 Stat. 3000, T.S. NO. 876, 137 L.N.T.S. 11 (1934), reprinted in 49 U.S.C.A. § 40105 (1997).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Pursuant to the applicable provisions of Exel's contract of carriage, tariffs on file, the Warsaw Convention, and/or other governing law, Exel has no liability to Plaintiff or to any other person under the contract of carriage in that the alleged loss, damage or delay was caused by or contributed to by improper or defective packaging or packing and/or the inherent nature of the merchandise and/or the act of a public authority.

## NINETEENTH AFFIRMATIVE DEFENSE

Pursuant to Article 20(1) of the Warsaw Convention, Exel is not liable to Plaintiff because Exel, through its officers, agents and employees, took all necessary measures to avoid the loss or damage described in the Complaint, or because it was impossible for Exel through its officers, agents and employees, to take such measures.

DM1\1336751.1

### TWENTIETH AFFIRMATIVE DEFENSE

Any liability of Exel is limited to an aggregate sum not in excess of U.S. $9.07 per pound or U.S. $20 per kilogram of cargo lost or damaged for which Exel is answerable by contract or by law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

In the event that Exel is found liable to Plaintiff, which liability is expressly denied, Exel will be entitled to indemnification, contribution or apportionment of liability from other parties pursuant to applicable law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Complaint fails to join an indispensable party or parties needed for a just adjudication.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Exel has no liability to Plaintiff or to any other person under the contract of carriage for any consequential and/or special damages arising out of or in any way connected with the loss, damage or delay under the contract of carriage.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The alleged damages were caused and brought about by an intervening and superseding cause and were not caused by Exel or by a person for whom Exel is responsible.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Exel is entitled to all applicable limitations of liability included in its tariffs, invoices, contracts, under law, or otherwise, limiting any recovery.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Failure to mitigate damages.

DM1\1336751.1

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Exel has performed all of the terms and conditions of the contract between the parties, if any, which were to be performed by Exel in accordance with such terms and conditions of contract.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Exel acted with due diligence.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The Complaint is barred by collateral estoppel and/or res judicata.

## THIRTIETH AFFIRMATIVE DEFENSE

Failure to timely file a notice of claim with Exel.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The alleged loss, damage or delay was caused by or contributed to by co-defendants, their agents, servants and/or employees.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Exel reserves the right to amend this pleading to reflect additional affirmative defenses as may be revealed through discovery and further pleadings.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Exel acted reasonably and properly at all times, and in accordance with the accepted practices of the industry.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Exel is entitled to all defenses included in the applicable contracts.

DM1\1336751.1

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Exel reserves the right to amend this pleading to reflect additional affirmative defenses as may be revealed though discovery and further pleadings.

**CROSS-CLAIMS AGAINST ALL OTHER DEFENDANTS**

1.      Exel repeats and realleges each and every allegation and defense set forth above with the same force and effect as if herein repeated and set forth at length.

2.      Exel asserts the Cross-Claims without prejudice to or waiver of any defenses that may be available to it.

3.      While denying any liability for damages to Plaintiff, the Cargo damage/loss alleged in Plaintiff's Complaint was caused by the acts, omissions, fault, negligence, breach of contract, and/or breach of warranty of Defendants Cielos Del Peru S.A., Galaxy Aviation Cargo Inc., Checkmate Priority Express, Inc., and Continental Freightways, Inc. d/b/a/ Fineline Trucking.

4.      While denying any liability for damages to Plaintiff, if Exel is found liable, whether by Judgment or settlement, then Exel is entitled to indemnity and/or contribution from Defendants Cielos Del Peru S.A., Galaxy Aviation Cargo Inc., Checkmate Priority Express, Inc., and Continental Freightways, Inc. d/b/a/ Fineline Trucking including recovery of the attorney's fees and costs incurred by Exel in defending against Plaintiff's claims.

**WHEREFORE**, Exel demands judgment dismissing the Complaint with prejudice and with an award of its costs and attorneys' fees, or, in the alternative, judgment against Cielos Del Peru S.A., Galaxy Aviation Cargo Inc., Checkmate Priority Express, Inc., and Continental Freightways, Inc. d/b/a/ Fineline Trucking on the cross-claims, together with costs of suit, interest and reasonable attorney's fees, and for such other relief as the Court deems proper.

DM1\1336751.1

<u>Dated</u>: July 1, 2008

DUANE MORRIS LLP
A Delaware Limited Liability Partnership


By:   /s/ James W. Carbin
      James W. Carbin (JC 5004)
      Alissa M. Ryder (AR 7405)
      744 Broad Street, Suite 1200
      Newark, New Jersey  07102
      (973) 424-2000
      Attorneys for Defendant,
      EXEL GLOBAL LOGISTICS, INC.

12

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel for Defendant EXEL GLOBAL LOGISTICS, INC. hereby

certifies that on July 1, 2008 a true and correct copy of EXEL GLOBAL LOGISTICS, INC'S

ANSWER TO PLAINTIFF'S COMPLAINT,  AFFIRMATIVE DEFENSES AND CROSS-

CLAIMS was electronically filed with the Clerk of Court using the CM/ECF system which will

automatically send e-mail notification of such filing to all attorneys of record, and that a true and

correct copy also was served by regular mail to the following addresses:

John H McConnell
Purrington & McConnell
82 Wall Street - Suite 1110
New York, NY 10005

Nicholas Evan Pantelopoulos
Kaplan, von Ohlen & Massamillo, L.L.C.
555 Fifth Avenue
15th Floor
New York, NY 10017

Dated:  July 1, 2008


/s/ Alissa M. Ryder _____
        Alissa M. Ryder