Jean M. Gardner (JG5544)
SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH, LLP
14 Penn Plaza, Suite 500
New York, New York 10122
(212) 563-1710
Attorneys for Defendant Continental Freightways, Inc. s/h/a Continental Freightways, Inc. d/b/a Fineline Trucking

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
RIMAC INTERNATIONAL CIA. DE
SEGUROS Y REASEGUROS, S.A.
a/s/o Telefonica Moviles S.A.,

        Plaintiff,    :    08 CV 3915 (RWS) (MHD)

  -against-

EXEL GLOBAL LOGISTICS, INC.,    :    RULE 7.1 STATEMENT
CIELOS DEL PERU S.A., GALAXY
AVIATION CARGO INC., and
CONTINENTAL FREIGHTWAYS, INC.
d/b/a Fineline Trucking,

        Defendants.
---------------------------------x

    Pursuant to Rule 7.1 of the Federal Rules of Civil Procedures, the undersigned counsel of record for defendant, Continental Freightways, Inc. s/h/a Continental Freightways, Inc. d/b/a Fineline Trucking, certifies that there are no corporate parents of that party, and that no publicly held corporation owns more than 10% of the stock of that party.

Dated: July 2, 2008

                                                          _____
                                                          Jean M. Gardner (JG5544)

Jean M. Gardner (JG5544)
SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH, LLP
14 Penn Plaza, Suite 500
New York, New York 10122
(212) 563-1710
Attorneys for Defendant Continental Freightways, Inc. s/h/a Continental Freightways, Inc. d/b/a Fineline Trucking

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RIMAC INTERNATIONAL CIA. DE         :
SEGUROS Y REASEGUROS, S.A.          :
a/s/o Telefonica Moviles S.A.,      :
                                    :
              Plaintiff,            :    08 CV 3915 (RWS) (MHD)
                                    :
     -against-                      :
                                    :
EXEL GLOBAL LOGISTICS, INC.,        :    ANSWER TO
CIELOS DEL PERU S.A., GALAXY        :    COMPLAINT
AVIATION CARGO INC., and            :
CONTINENTAL FREIGHTWAYS, INC.       :
d/b/a Fineline Trucking,            :
                                    :
              Defendants.           :
-----------------------------------------------------------x

Defendant Continental Freightways, Inc. s/h/a Continental Freightways, Inc. d/b/a Fineline Trucking (hereinafter "Continental"), by their attorneys, Schindel, Farman, Lipsius, Gardner & Rabinovich, LLP, as and for their Answer to the Complaint, states upon information and belief, as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the first paragraph of the complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the second paragraph of the complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the third paragraph of the complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the fourth paragraph of the complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the fifth paragraph of the complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the sixth paragraph of the complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the seventh paragraph of the complaint.

8. Admits only that Continental Freightways, Inc. was and still is a corporation organized under the laws of one of the states of the United States and had a place of business at 3560 N.W. 34th St. Miami, FL 33142 and currently has a place of business at 12800 N.W. 113th Ct. Medley, Florida 33178.

9. Denies each and every allegation contained in the ninth paragraph, except denies knowledge or information sufficient to form a belief as to the truth of each and every allegation as to all other parties.

10. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the tenth paragraph of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the eleventh paragraph of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the twelfth paragraph of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the thirteenth paragraph of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the fourteenth paragraph of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the fifteenth paragraph of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the sixteenth paragraph of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the seventeenth paragraph of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the eighteenth paragraph of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the nineteenth paragraph of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the twentieth paragraph of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the twenty-first paragraph of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the twenty-second paragraph of the complaint.

23. Denies each and every allegation in the twenty-third paragraph, except denies knowledge or information sufficient to form a belief as to the truth of each and every allegation as to all other parties.

24. Denies each and every allegation contained in the twenty-fourth paragraph of the complaint.

25. Denies each and every allegation contained in the twenty-fifth paragraph of the complaint.

26. Admits each and every allegation contained in the twenty-sixth paragraph of the complaint.

27. Denies each and every allegation contained in the twenty-seventh paragraph of the complaint, except admits that the cargo which is the subject of this action was not on the trailer when it was recovered.

28. Denies each and every allegation contained in the twenty-eighth paragraph of the complaint, except admits that the trailer was recovered with some contents.

29. Denies each and every allegation in the twenty-ninth paragraph, except denies knowledge or information sufficient to form a belief as to the truth of each and every allegation as to all other parties.

30. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the thirtieth paragraph of the complaint.

31. Denies each and every allegation in the thirty-first paragraph, except denies knowledge or information sufficient to form a belief as to the truth of each and every allegation as to all other parties.

32. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the thirty-second paragraph of the complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the thirty-third paragraph of the complaint.

34.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the thirty-fourth paragraph of the complaint.

### GENERAL PROVISION

35.  Any and all allegations not specifically admitted herein are denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

36.  Plaintiff has failed to state a cause of action against Continental.

### SECOND AFFIRMATIVE DEFENSE

37.  The cargo that is the subject matter of plaintiff's complaint was accepted by all parties in accordance with, and subject to all the terms and conditions of all applicable contracts of carriage, contracts for storage, forwarding agreements, waybills, warehouse receipts, invoices, bills of lading, any applicable tariffs and classifications, and the rules set forth therein. Continental claims the benefit of all defenses accorded it by those contracts of carriage, contracts for storage, forwarding agreements, waybills, warehouse receipts, invoices, bills of lading, any applicable tariffs and classifications, and the rules set forth therein and any other applicable contracts under which the cargo was transported, stored and/or handled.

## THIRD AFFIRMATIVE DEFENSE

38. The liability of Continental, if any, is limited by the terms and conditions of any applicable contracts of carriage, contracts of storage, forwarding agreements, warehouse receipts, invoices, bills of lading, any applicable tariffs and classifications, and the rules set forth therein, statutes and/or regulations.

## FOURTH AFFIRMATIVE DEFENSE

39. Plaintiff's claim against Continental is untimely pursuant to the applicable contract(s) and/or tariff(s) and/or statute(s).

## FIFTH AFFIRMATIVE DEFENSE

40. The loss and/or damage to the cargo was caused by the intervening acts of plaintiff and/or third person(s) which could not be prevented by Continental through the exercise of reasonable care.

## SIXTH AFFIRMATIVE DEFENSE

41. This Court lacks jurisdiction over the person of Continental.

## SEVENTH AFFIRMATIVE DEFENSE

42. To the extent that plaintiff seeks recovery for special damages, Continental is not responsible.

### EIGHTH AFFIRMATIVE DEFENSE

43. In the event that the plaintiff had not or has not any title or interest in the cargo that is the subject of this action, then the plaintiff is not the real party of interest herein and is not entitled to maintain this suit.

### NINTH AFFIRMATIVE DEFENSE

44. Plaintiff failed to join an indispensable party.

### TENTH AFFIRMATIVE DEFENSE

45. This Court is an improper venue for this dispute.

### ELEVENTH AFFIRMATIVE DEFENSE

46. The forum is inconvenient and the Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

### TWELFTH AFFIRMATIVE DEFENSE

47. To the extent plaintiff sustained any damage, which is denied, that loss or damage occurred during a period of time when the cargo was not under the care, custody or control of Continental.

### THIRTEENTH AFFIRMATIVE DEFENSE

48. Continental hereby reserves all of its rights to amend this answer and/or supplement its Affirmative Defenses in accordance with any additional information developed during the course of discovery.

WHEREFORE, defendant Continental demands judgment dismissing the complaint together with costs, disbursement and such other and further relief as this Court deems just and proper.

Dated: July 2, 2008
New York, New York

    SCHINDEL, FARMAN, LIPSIUS,
    GARDNER & RABINOVICH, LLP
    Attorneys for Defendant
    Defendant Continental Freightways, Inc. s/h/a
    Continental Freightways, Inc. d/b/a Fineline
    Trucking

    By: /s/ Jean Gardner
    Jean Gardner (JG5544)
    14 Penn Plaza, Suite 500
    New York, New York 10122
    (212) 563-1710
    File No.: 2471.0038

TO: PURRINGTON & McCONNELL
John H. McConnell
82 Wall Street
Suite 1110
New York, NY 10005
(212) 943-5757

AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NEW YORK         )

I, Eve Ayala, being duly sworn, states as follows: I am over 18 years of age, not a party to the within action, and reside in Brooklyn, New York. On July 2, 2008, I served the within Rule 7.1 Statement and Answer to Complaint upon the person(s) or parties designated below by mailing a true and complete copy of same in a postage pre-paid envelope, and depositing same in a post office or official depository of the United States Postal Service within New York State, at the last known address of the addressee(s) as set forth herein.

TO:   John H. McConnell, Esq.
      Purrington & McConnell
      82 Wall Street, Suite 1110
      New York, NY 10005
      Attorney for Plaintiffs

      Exel Global Logistics, Inc.
      230-39 Industrial Airport Center Blvd., Suite 1000
      Building B
      Springfield Gardens, NY 11413

      Cielos Del Peru S.A.
      1851 N.W. 68th Avenue
      Miami, FL 33152
      Defendant

      Galaxy Aviation Cargo, Inc.
      600 Bayview Avenue
      Inwood, NY 11096
      Defendant

_____
Eve Ayala

Sworn to before me this
2nd day of July, 2008

_____
Notary Public

MARC I. KUNKIN
Notary Public, State of New York
No. 02KU5074232
Qualified in New York County
Commission Expires March 10, 2011