**DUANE MORRIS** LLP
By:   James W. Carbin, Esq.
      Alissa M. Ryder, Esq.
744 Broad Street
Suite 1200
Newark, New Jersey
973.424.2000
Attorneys for Exel Global Logistics, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RIMAC INTERNACIONAL CIA. DE SEGUROS Y REASEGUROS, S.A., a/s/o Telefonica Moviles, S.a.<br><br>Plaintiff,<br><br>vs.<br><br>EXEL GLOBAL LOGISTICS, INC., CIELOS DEL PERU S.A., GALAXY AVIATION CARGO INC., CHECKMATE PRIORITY EXPRESS, INC., and CONTINENTAL FREIGHTWAYS, INC., d/b/a/ Fineline Trucking<br><br>Defendants. | CIVIL ACTION NO.<br>08 CIV 3915 (RWS)<br><br>**EXEL GLOBAL LOGISTICS, INC.'S ANSWER TO CROSS-CLAIMS OF CIELOS DEL PERU, S.A.** |

Defendant, EXEL GLOBAL LOGISTICS, INC. ("Exel"), by and through its attorneys, Duane Morris LLP, answers the Cross-Claims asserted by co-defendant Cielos Del Peru S.A. ("Cielos") and asserts Affirmative Defenses as follows:

1.   Exel denies the allegations made in Paragraph 23 of Cielos' Answer and Affirmative Defenses and Cross-Claims as the allegations pertain to Exel. Exel denies knowledge or information sufficient to either admit or deny the balance of the allegations made in Paragraph 23 of the Cross-Claim.

**WHEREFORE**, Exel demands judgment against Cielos dismissing the Cross-Claims with prejudice and with an award of its costs and attorneys' fees and, for such other relief as the Court deems proper.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The claims made are subject to arbitration.

### SECOND AFFIRMATIVE DEFENSE

Lis Pendens; the claim is the subject of prior litigation in Peru.

### THIRD AFFIRMATIVE DEFENSE

This action should be dismissed or transferred under the doctrine of forum non conveniens.

### FOURTH AFFIRMATIVE DEFENSE

Venue for this action is improper.

### FIFTH AFFIRMATIVE DEFENSE

Lack of personal jurisdiction.

### SIXTH AFFIRMATIVE DEFENSE

The claims are barred by the applicable statute of limitations, laches or other applicable time limit.

### SEVENTH AFFIRMATIVE DEFENSE

The claims are barred by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

The claims are barred by the doctrine of waiver.

**NINTH AFFIRMATIVE DEFENSE**

The Cross-Claims fail to state a claim for which relief can be granted.

**TENTH AFFIRMATIVE DEFENSE**

The Court lacks subject matter jurisdiction over this dispute.

**ELEVENTH AFFIRMATIVE DEFENSE**

Failure to join an indispensable party.

**TWELFTH AFFIRMATIVE DEFENSE**

The alleged damages complained of were caused by the direct and proximate negligence of other parties, their agents or employees or by others unknown at this time over whom Exel had no control at any time relevant hereto, and in the event Exel is found liable, which liability is expressly denied, Exel will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Exel was not negligent and has taken all necessary measures to avoid any loss, damage or delay under the contract of carriage.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Pursuant to the provisions of Exel's contract of carriage, tariffs, the Warsaw Convention and/or other governing law, Exel has no liability to Plaintiff or to any other person under the contracts of carriage for any loss, damage or delay where such loss, damage or delay.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Exel performed each and every obligation and duty required of it under the contract of carriage and delivered the shipment to the proper party in the same order and condition as received.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The transportation the subject matter of this action arose was "international transportation" within the meaning of a treaty of the United States known as the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Warsaw, Poland, October 12, 1929 ("Warsaw Convention"), and the rights of the parties are governed exclusively by the provisions of the Warsaw Convention.  49 Stat. 3000, T.S. NO. 876, 137 L.N.T.S. 11 (1934), reprinted in 49 U.S.C.A. § 40105 (1997).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Pursuant to the applicable provisions of Exel's contract of carriage, tariffs on file, the Warsaw Convention, and/or other governing law, Exel has no liability to Plaintiff or to any other person under the contract of carriage in that the alleged loss, damage or delay was caused by or contributed to by improper or defective packaging or packing and/or the inherent nature of the merchandise and/or the act of a public authority.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Pursuant to Article 20(1) of the Warsaw Convention, Exel is not liable to Plaintiff because Exel, through its officers, agents and employees, took all necessary measures to avoid the loss or damage described in the Complaint, or because it was impossible for Exel through its officers, agents and employees, to take such measures.

**NINETEENTH AFFIRMATIVE DEFENSE**

Any liability of Exel is limited to an aggregate sum not in excess of U.S. $9.07 per pound or U.S. $20 per kilogram of cargo lost or damaged for which Exel is answerable by contract or by law.

### TWENTIETH AFFIRMATIVE DEFENSE

In the event that Exel is found liable to Plaintiff or cross-claimant, which liability is expressly denied, Exel will be entitled to indemnification, contribution or apportionment of liability from other parties pursuant to applicable law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Exel has no liability to Plaintiff or to cross-claimant or to any other person under the contract of carriage for any consequential and/or special damages arising out of or in any way connected with the loss, damage or delay under the contract of carriage.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The alleged damages were caused and brought about by an intervening and superseding cause and were not caused by Exel or by a person for whom Exel is responsible.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Exel is entitled to all applicable limitations of liability included in its tariffs, invoices, contracts, under law, or otherwise, limiting any recovery.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Failure to mitigate damages.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Exel has performed all of the terms and conditions of the contract between the parties, if any, which were to be performed by Exel in accordance with such terms and conditions of contract.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Exel acted with due diligence.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Complaint and Cross-Claims are barred by collateral estoppel and/or res judicata.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Failure to timely file a notice of claim with Exel.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The alleged loss, damage or delay was caused by or contributed to by co-defendants, their agents, servants and/or employees.

### THIRTIETH AFFIRMATIVE DEFENSE

Exel is entitled to all defenses included in the applicable contracts.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Exel acted reasonably and properly at all times, and in accordance with the accepted practices of the industry.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Exel reserves the right to amend this pleading to reflect additional affirmative defenses as may be revealed though discovery and further pleadings.

**WHEREFORE**, Exel demands judgment dismissing the Cross-Claims with prejudice and with an award of its costs and attorneys' fees.

Dated: July 21, 2008

DUANE MORRIS LLP
A Delaware Limited Liability Partnership

By:  /s/ James W. Carbin
James W. Carbin (JC 5004)
Alissa M. Ryder (AR 7405)
744 Broad Street, Suite 1200
Newark, New Jersey  07102

(973) 424-2000  
Attorneys for Defendant,  
EXEL GLOBAL LOGISTICS, INC.

Case 1:08-cv-03915-RWS    Document 12    Filed 07/21/2008    Page 7 of 7

**CERTIFICATE OF SERVICE**

The undersigned counsel for Defendant EXEL GLOBAL LOGISTICS, INC. hereby certifies that on July 21, 2008 a true and correct copy of EXEL GLOBAL LOGISTICS, INC.'S ANSWER TO CROSS-CLAIMS OF CIELOS DEL PERU, S.A. AND AFFIRMATIVE DEFENSES was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

Dated: July 21, 2008

                                            /s/ Alissa M. Ryder
                                                  Alissa M. Ryder